UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRACE HUDSON,

    Plaintiff,

v.

MARK JONES, ROBYN JONES, and
GOOSEHEAD INSURANCE,

    Defendants.

Case No. 25-cv-2134-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court undertakes a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").

The defendants Mark Jones and Robyn Jones removed this case under 28 U.S.C. § 1441(a) on the basis of original diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, that is, that "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." *Page*, 2 F.4th at 636 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *Page*, 2 F.4th at 635. The relevant pleading must affirmatively allege the specific states of

citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *see White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). The jurisdictional allegations of the Notice of Removal are deficient in that they fail to allege the citizenship of each member of defendant Goosehead Insurance Agency LLC.

In response to plaintiff Terrace Hudson's motion to remand, the defendants concede that at least one of the relevant members in defendant Goosehead Insurance Agency LLC's chain of ownership shares Illinois citizenship with Hudson.   Accordingly, they concede that this Court does not have diversity subject matter jurisdiction over this case and that remand is proper pursuant to 28 U.S.C. § 1447(c).

The Court therefore **REMANDS** this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction and **DENIES as moot** the plaintiff's motion to remand (Doc. 9).

**IT IS SO ORDERED.**
**DATED: January 14, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**